UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN WILSON, | § | |
| TDCJ # 02041108, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0097 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kevin Wilson, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a Petition (Dkt. 1) for a federal writ of habeas corpus under 28 U.S.C. § 2254. Wilson challenges a prison disciplinary conviction. After reviewing the pleadings, the applicable law, and all matters of record, the Court will dismiss this action for the reasons explained below.

### I.   BACKGROUND

Wilson is serving a ten-year sentence in TDCJ for a 2015 conviction in Galveston County, case numbers 14CR1790 and 14CR1791. TDCJ's public records reflect that his sentence is the result of convictions for manslaughter and aggravated assault with a deadly weapon.[1]

Wilson's Petition, docketed with the Court on April 4, 2018, seeks relief from a conviction in disciplinary case number 20170246310 (Dkt. 1, at 5). Wilson provides the

---

[1] *See* Offender Information, located at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited May 14, 2018).

disciplinary hearing records along with his Petition. The challenged disciplinary conviction was entered against him while confined at the Wallace Pack Unit in Grimes County, Texas. Wilson was charged with threatening an officer identified as "Officer Wood" and was found guilty on April 20, 2017. As a result of his disciplinary conviction, he lost 300 days of previously earned good time credit. In addition, he lost forty-five days of recreation privileges, forty-five days of commissary privileges, and forty-five days of Offender Telephone System privileges; his line class was reduced; and he was assigned forty-two extra duty hours. Wilson alleges that his rights were violated during the hearing because (1) a mental health advocate was not present, (2) the accusing officer was not present, (3) another officer testified that Wilson had not made a threat against Officer Wood, and (4) his statement to Officer Wood was not a threat (Dkt. 1, at 6-7). With his Petition, Wilson has supplied documents showing that he appealed his disciplinary conviction through TDCJ's two-step administrative grievance procedure.

## II. PRISON DISCIPLINARY PROCEEDINGS

As a preliminary matter, this Court may hear Wilson's petition because he was convicted and sentenced in Galveston County. *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty

interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Wilson cannot demonstrate a constitutional violation in this case because, as he admits in his Petition, he is ineligible for mandatory supervision (Dkt. 1, at 5). Wilson was convicted of aggravated assault under Texas Penal Code § 22.02 and, as a matter of Texas law, this conviction renders him ineligible. *See* TEX. GOV'T CODE § 508.149(a)(7) (inmates previously convicted under Texas Penal Code § 22.02 "may not be released to mandatory supervision"). This is fatal to his claims. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit. *See Malchi*, 211 F.3d at 957-58.

Although Wilson's conviction also resulted in the loss of recreation, commissary, and telephone privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Reductions in a prisoner's classification, which can have a potential impact on the prisoner's ability to earn good time credit, also are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Under these circumstances, Wilson cannot demonstrate a constitutional violation and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

## III. **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 16th day of May, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge